

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
### BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | **CASE NO. 1:01CR30** |
| | § | |
| TIMOTHY AUBRY | § | |

## FINDINGS OF FACT AND RECOMMENDATION ON PLEA OF TRUE
## BEFORE THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the District Court, Eastern District of Texas, the District Court referred this matter for hearing and the submission of findings of fact and a report and recommendation pursuant to 18 U.S.C. §§ 3401(i) and 3583(e). The United States alleges that Defendant, Timothy Aubry, violated conditions of supervised release imposed by United States District Judge Howell Cobb. The United States Probation Office filed its *Petition for Warrant or Summons for Offender Under Supervision* (doc. #195) requesting the revocation of the defendant's supervised release

The Court conducted a hearing on December 16, 2013, in accordance with Federal Rules of Criminal Procedure 11, 32 and 32.1. Defendant was present and represented by counsel at the hearing. Having heard the evidence, this court factually finds that the defendant has violated conditions of supervision and recommends that such violations warrant the revocation of his supervised release.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure11, the Court finds:

a.     That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the plea of true in this cause by a United States Magistrate Judge subject to a final approval and imposition of sentence by the District Court.

b.     That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, that his plea of true is a knowing and voluntary plea, not the result of force or threats, and that the plea is supported by an independent evidentiary basis in fact establishing each of the essential elements of the conduct.

**STATEMENT OF REASONS**

**A.  Procedural History**

On April 18, 2002, the Honorable Howell Cobb of the Eastern District of Texas sentenced the defendant after Mr. Aubry pled guilty to the offense of Conspiracy to Distribute More Than 50 Grams of Cocaine Base and Marijuana, a Class A felony.  The Court originally sentenced the defendant to 151 months imprisonment, followed by 5 years supervised release, subject to the standard conditions of release, plus special conditions to include: shall not commit any offenses against a foreign state or nation; drug treatment; and a $100 special assessment.

Judge Cobb has since passed away.  Accordingly, this case was reassigned to the docket of United States District Judge Marcia A. Crone on October 25, 2005.

On May 27, 2008, Judge Crone amended the judgment in this case to reduce the defendant's sentence to 121 months imprisonment.  On June 7, 2011, Timothy Aubry completed his period of

imprisonment and began serving the supervision term.

On October 31, 2013, the Court modified the terms of supervision to include the condition that the defendant serve a term of home detention up to a period of 120 days as directed by the probation officer.

**B.  Allegations in Petition**

The United States alleges that the defendant violated the following standard condition of supervised release:

*The defendant shall not leave the judicial district without permission of the Court or probation officer.*

Specifically, the petition alleges that Mr. Aubry left the judicial district without permission on three known occasions: on or about February 6, 2013; April 3, 2013; and September 3, 2013.

**C.  Evidence presented at Hearing**

At the hearing, the Government offered the following evidence as its factual basis in support of the alleged violation.  The Government would submit testimony and documentary evidence establishing that on or about February 6, 2013; April 3, 2013; and September 3, 2013; Timothy Aubry left the judicial district without the permission of the Court or the United States Probation Office.

Defendant, Timothy Aubry, offered a plea of true to the above-stated allegations in the petition.  Specifically, he agreed with the evidence presented and pled true to the allegation that he left the judicial district without permission in violation of his supervision conditions in this case.

**D.  Sentencing Guidelines; Findings and Recommended Disposition**

The allegations, supporting evidence and plea of true warrant revocation of supervised

release.  *See* 18 U.S.C. § 3583(e)(3).  The Court factually finds by a preponderance of the evidence that the defendant violated a standard condition of his supervised release by leaving the judicial district without permission.

If the Court finds that Mr. Aubry violated his supervision conditions in the manner stated above, this will constitute a Grade C violation under U.S.S.G. § 7B1.1(a).  Upon finding a Grade C violation, the Court may revoke the defendant's supervised release.  *See* U.S.S.G. § 7B1.3(a)(2).  In this case, based upon the defendant's criminal history category of I and the Grade C violation, the Sentencing Guidelines suggest a sentence of imprisonment for a period ranging from 3 to 9 months.  *See* U.S.S.G. § 7B1.4(a).  Because the original offense of conviction was a Class A felony, the statutory maximum imprisonment term upon revocation is 5 years.  *See* 18 U.S.C. § 3583(e)(3).

According to U.S.S.G. § 7B1.3(d), any restitution, fine, community confinement, home detention, or intermittent confinement previously imposed in connection with a sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation shall be ordered to be paid or served in addition to the sanction determined under U.S.S.G. § 7B1.4, and any such unserved period of community confinement, home detention, or intermittent confinement may be converted to an equivalent period of imprisonment.  In this case, according to the records submitted by the Probation Office, Mr. Aubry failed to serve 100 days of court-ordered home detention.

The Fifth Circuit states that Chapter 7 of the Sentencing Guidelines regarding the revocation of supervised release is advisory only.  *See United States v. Cade*, 279 F.3d 265, 271 n.2 (5th Cir. 2002) (citing *United States* v. *Montez*, 952 F.2d 854, 859 (5th Cir. 1992); *United States v. Headrick*, 963 F.2d 777, 782 (5th Cir. 1992)).  Because Chapter 7 was promulgated as an advisory policy statement and there are no applicable guidelines for sentencing after revocation of supervised

release[1], the Court may impose a greater or lesser sentence upon revocation. *United States v. Gonzalez*, 250 F.3d 923, 925 (5th Cir. 2001). Further, a sentence imposed for revocation will be upheld unless it is in violation of the law or plainly unreasonable. *Id. See also United States v. Pena*, 125 F.3d 285, 288 (5th Cir. 1997) (citations omitted).

Here, the evidence and the defendant's own admission supports a finding that he violated his supervision conditions. The Court, therefore, finds by a preponderance of the evidence that the defendant committed a Grade C violation of his supervision conditions by leaving the judicial district without permission. The defendant knowingly and voluntarily pled true to this conduct and agreed with the recommended sentence.

Therefore, based upon the plea of true, the evidence presented in this case, and the parties' agreement, the undersigned magistrate judge recommends that the District Court accept the plea of true and revoke Defendant's supervised release. The undersigned magistrate judge further recommends that the District Court order Defendant, Timothy Aubry, to serve a term of **eight (8) months imprisonment** in this cause to run **concurrently** with the imprisonment sentence imposed for the supervised release revocation in cause number 1:09CR130. This term of imprisonment includes the unserved 100 days of court-ordered home detention. Finally, the Court recommends that no further term of supervision be imposed upon the defendant's release.

## **OBJECTIONS**

Objections must be: (1) specific, (2) in writing, and (3) served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1). A party's failure to

---

[1] *See U.S. Sentencing Guidelines Manual*, Ch. 7, pt. A, cmt. 1 ("At this time, the Commission has chosen to promulgate policy statements only.")

object bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error of unobjected-to factual findings and legal conclusions accepted by the district court, *see Douglass v. United Servs. Auto. Ass'n.*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate judge's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 18th day of December, 2013.**


_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE